ORIGINAL

FILED

06/20/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0302

# IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 23-0302

FILED

JUN 2 0 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

IN THE MATTER OF:

S.P.,

O R D E R

A Youth in Need of Care.

Self-represented Appellant W.P. (hereinafter Father) petitions this Court for an out-of-time appeal, seeking "parental rights and full custody" as well as "justice for his daughter." Father includes various attachments, including a copy of his previous appeal with this Court.

M. R. App. P. 4(6) allows this Court to grant an out-of-time appeal "[i]n the infrequent harsh case and under extraordinary circumstances amounting to a gross miscarriage of justice[.]"

Father states that he "has done no wrong." He further states that he never abandoned his child and that he is a "great Daddy." Father notes that no "truth" exists.

As Father references, he has already had an appeal with this Court. *In re S.P.*, No. DA 20-0314, 2021 MT 57N, 2021 Mont. LEXIS 221. This Court affirmed the Cascade County District Court's 2020 decision to grant permanent legal custody of S.P. and to terminate Mother's and Father's parental rights to S.P. *S.P.*, ¶¶ 2, 16. We point out, however, that the termination of Father' rights was due to specific reasons. This Court stated that "Father did not seek placement of S.P. with him." *S.P.*, ¶¶ 3, 11. This Court explained "that the District Court terminated Father's rights under § 41-3-609(1)(f), MCA, for failure to successfully complete his treatment plan and his unlikelihood to change in a reasonable time." *S.P.*, ¶ 12.

Father's renewed arguments find no footing here. Father is precluded from attempting to relitigate or to raise similar arguments, pursuant to the doctrines of res judicata and collateral estoppel. "In contrast to res judicata, collateral estoppel bars relitigation of an issue of fact or law previously litigated in a prior proceeding by the same parties or their privies, whether under the same or a different legal claim." *State v. Huffine*, 2018 MT 175, ¶ 16, 392 Mont. 103, 422 P.3d 102. Father has had appellate review of this underlying case, and the rule of law seeks finality, not constant litigation. *Huffine*, ¶ 15. Father is not entitled to an out-of-time appeal. Therefore,

IT IS ORDERED that Father's Petition for an Out-of-Time Appeal is DENIED and DISMISSED.

IT IS FURTHER ORDERED that this matter is CLOSED as of this Order's date.

The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record and to Father personally.

DATED this 20 day of June, 2023.

_____
Chief Justice

_____

_____

_____

_____
Justices

2